## (December 6, 1982)

■ LAURENCE GERARD et al., Respondents, v SHRIRO UNIVERSAL CORP. et al., Defendants, and ALBERT ALMOULI et al., Appellants. — Order, Supreme Court, New York County (Ryp, J.), entered October 30, 1981, which granted plaintiffs' motion for a preliminary injunction enjoining the defendants from buying or selling the "Firejet" fire extinguisher, except to or from plaintiffs, upon filing of a $5,000 undertaking by the plaintiffs, and denied the appealing defendants' motion to dismiss the complaint, unanimously reversed to the extent appealed from, on the law, motion for preliminary injunction denied, and cross motion to dismiss the complaint granted, with costs. Defendant-respondent Almouli is the Israeli inventor of a portable-disposable fire extinguisher, and Alchem, Ltd., is its Israeli manufacturer. In March, 1977 they entered into a distribution agreement with plaintiffs Gerard and Firejet America, Ltd., to distribute the fire extinguisher in other countries, including the United States. This agreement contained a broad arbitration clause for binding arbitration in New York City. In May, 1978, a subsequent contract superseded the first. This second agreement contained no arbitration clause. In May of 1981, Almouli and Alchem commenced an action in Israel against Gerard, Firejet America, Ltd., and other Firejet corporations, based on disputes arising after the second agreement. They were represented in this Israeli action by Yisraeli and Yerushalmi, Esqs. (Y & Y). At about the same time Gerard and Firejet

America commenced the instant action in New York. The summons, complaint and order to show cause in the New York action were served against the Israeli defendants by delivery at the New York office of Y & Y, who represented them in the Israeli action. They are represented in New York by another attorney. The order to show cause sought a preliminary injunction against the sale of the fire extinguisher to anyone but these plaintiffs. It required personal service on the defendants, and it deleted authorization to serve the two Israeli defendants by service upon Y & Y at their New York office. Nevertheless, service was made upon the "managing agent" of Y & Y at said New York office. Gerard claimed that jurisdiction arose from the arbitration provision in the first agreement, and Special Term held, in denying Almouli and Alchem's cross motion to dismiss the complaint for lack of personal jurisdiction, etc., that they "have waived their jurisdictional defense of not doing business in New York by their agreement to arbitrate all disputes in New York City under the American Arbitration Association rules". Even were the arbitration clause to be considered a waiver of personal service in an action, the March, 1977 contract was superseded by the May, 1978 contract, which contained no such arbitration clause. The attempted personal service was improper and conferred no jurisdiction under CPLR 308 or 311. Y & Y were not the agents for service of process on the Israeli defendants and did not represent them in this action. Further, authorization to serve them had been specifically stricken from the order to show cause. Concur — Sandler, J. P., Carro, Silverman, Bloom and Kassal, JJ.